[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Eric Cabrera, has brought this action in two counts alleging negligence and recklessness against the defendants, Flexi-Van Leasing, Inc. (Flexi-Van), Maerski, Inc. (Maerski), Impex Leasing Corp. (Impex) and John Collins (Collins). The plaintiff alleges in his complaint that Collins, while operating a tractor trailer on Route I95, the Connecticut Thruway, struck the plaintiff's vehicle causing the plaintiff's vehicle to strike the concrete divider and the plaintiff to suffer injuries. The plaintiff also alleges that the tractor trailer was owned by Flexi-Van who leased the vehicle to Maerski who in turn leased the vehicle to Impex. The plaintiff alleges that his injuries and damages were caused by the negligence and recklessness of the defendant. At the beginning of the trial, the second count was withdrawn by the plaintiff.
The plaintiff has also alleged that Collins operated the vehicle as the servant, agent, or employee of the defendants CT Page 9818 thereby invoking General Statutes § 52-183. General Statutes § 52-183 provides that
 ". . . (i)n any civil action brought against the owner of a motor vehicle to recover damages for the negligence or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the said motor vehicle and operating it in the course of his employment. The defendant has the burden of rebutting the presumption."
The plaintiff presented the following evidence. On July 1, 1993, at about 12:30 a.m., he was operating his 1985 Subaru automobile on I95 travelling in a northerly direction. In the front passenger seat was one Reynaldo Irizzary whom the plaintiff was driving home before going to work at the mental health clinic.
According to the plaintiff, he entered I95 at Fairfield Avenue in Bridgeport. He proceeded up the ramp and then entered into the third lane of travel. At this time traffic was moving normally and the weather was clear and dry. The plaintiff testified he saw a truck in the center lane behind him and observed the truck come into his lane of travel and strike his automobile on the driver's rear quarter. After being struck by the trailer tractor, the plaintiff car moved to the right and struck the Jersey barrier with the right side of his vehicle. The impact was moderate from both the truck and barrier collisions. The truck did not stop, slow down or change lanes after the impact. According to the plaintiff, it actually accelerated its speed.
The plaintiff also stated his vehicle never came to a complete stop after hitting the barrier. He then operated his automobile in the breakdown lane until he came to a complete stop behind the automobile of a State Policeman who was stopped at a ramp. The State Policeman was out of his vehicle and was conversing with the operator of a vehicle which was stopped in front of the Trooper's car. Both the plaintiff and his passenger waited in their car until the officer finished his conversation with the operator and walked back to their car. They then informed the officer that a truck had hit them and did not stop but took off.
While speaking to the officer, the plaintiff claims he saw CT Page 9819 the truck go by them and so informed the officer. The officer took off and stopped a truck. However, both the plaintiff and his passenger agreed it was the wrong truck.
Both the plaintiff and his passenger stated that the truck that hit them was green and had stripes on it and that the trailer was gray.
Mr. Irizzary, the passenger, testified that the truck had hit the automobile on its left rear and that prior to the accident he never saw the truck. After the impact, the operator, the plaintiff, lost control of the vehicle slightly but regained it after the car struck the Jersey barrier.
The passenger stated that they pulled up behind the police car, waited until the officer finished his conversation with the operator of another car, and when the officer walked back to the plaintiff's automobile, they informed the officer of being hit by the truck. Throughout this whole episode, he, Mr. Irizarry, never took his eyes off the truck that struck them. This was true even when the State Police Officer walked up to their vehicle and inquired of them if they were hurt. Mr. Irizarry stated that the State Trooper told them to follow the truck. Mr. Irizarry indicated that he was a little shaken up after the impact.
The plaintiff states that he followed the truck to get the plate number, and when they got it, he wrote it down on a napkin and after that he then passed the truck and motioned to the operator that he got the license plate number. According to the plaintiff, he then proceeded to the Stratford Avenue exit and exited the highway and made a phone call to the State Police. He testified he spoke to a state policeman other than the one he met on the state highway and gave him the information concerning the truck.
This information was put into the State Police report that was entered into evidence.
It is axiomatic that the plaintiff has the burden of proof in establishing that the defendant was the one who caused his injuries and damages.
In reviewing the evidence as to the identity of the truck that struck the plaintiff and its operator, the court had the testimony of the plaintiff that he observed the truck hit him, CT Page 9820 speed off and later was able to catch up with the truck, take the license plate number and proceed ahead of the truck and wave to the driver that he took his license plate number down. He then was able to exit the highway at the next exit which is Stratford Avenue, about two miles from the place where he entered I95.
As to the identity of the defendant, we have the testimony of Mr. Irizarry, the front seat passenger. He admits that he never saw the truck prior to the impact. However, he claims that he never took his eyes off the truck after the collision. This was so even though it was dark out, the truck never stopped but actually accelerated its speed. He also kept the truck in sight, he said, while the plaintiff pulled up behind the State Trooper's vehicle and while they sat there waiting for the Trooper to come to their car. While Mr. Irizarry kept his eyes on the truck, the plaintiff operated his vehicle so that he could catch up to the offending truck and drive behind it until Mr. Irizarry could memorize the plate number. They then pulled ahead of the truck and gave the operator a sign that they had taken down his number. Later, the plaintiff wrote the number down on a paper napkin that Mr. Irizarry gave him. They then got off at the next exit and called the State Police.
Upon review of all the evidence including the exhibits, the court finds that the plaintiff has failed to provide any credible evidence to satisfy his burden of proof as to the identity of the person or party responsible for his injuries and damages. Accordingly, judgment is entered in favor of the defendant.
WILLIAM J. McGRATH, JUDGE